RTF:RMR
F.#2004R00005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ISSA SANU BARRIE,
    also known as
    "Umaru Sanu Barrie" and
    "Aissatou Y. Bah," and
HADIATOU BARRIE,
    also known as
    "Hadiatou Jalloh,"

        Defendants.

- - - - - - - - - - - - - - - -X

06-115M-MPT.

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 1343,
1349, 981(a)(1)(C), 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))



FILED
OCT 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    EchoStar Communications Corporation, DISH Network, and All Systems Satellite Distributors

    1.    EchoStar Communications Corporation ("EchoStar") was a provider of direct broadcast satellite television products and services, with its headquarters and principal place of business in Englewood, Colorado. Through its DISH Network business unit, EchoStar provided satellite-delivered digital television programming, and also distributed satellite dishes, set-top boxes that enabled television sets to receive digital television programming from satellite dishes, and other digital

OCT 03 2006 09:44 FR 7182546669    7182546669 TO 913025236451    P.03/14
Case 1:06-mj-00115-MPT    Document 1    Filed 10/03/2006    Page 2 of 13

2

equipment (collectively, "satellite receiver systems") used by consumers to obtain such programming.

    2.    All-Systems Satellite Distributors ("ASSD") was a distributor of satellite receiver systems with its headquarters and principal place of business in Brooklyn, New York. ASSD was authorized by EchoStar to distribute DISH Network satellite receiver systems to retailers that, in turn, offered those systems to consumers.

II.    The Defendants and their Company

    3.    Seldya Entertainment Company ("Seldya"), which is also referred to on corporate documents as "Seidya Entertainment Company," described itself as a retailer of satellite receiver systems. Seldya maintained business addresses in Brooklyn, New York, and Fords, New Jersey.

    4.    The defendant ISSA SANU BARRIE, also known as "Umaru Sanu Barrie" and "Alssatou Y. Bah," described himself as the manager and owner of Seldya. In his dealings on behalf of Seldya, ISSA SANU BARRIE used the false name "Alssatou Y. Bah."

    5.    The defendant HADIATOU BARRIE, also known as "Hadiatou Jalloh," was the wife of the defendant ISSA SANU BARRIE, and was married to ISSA SANU BARRIE on or about November 13, 2003. HADIATOU BARRIE described herself as the President of Seldya.

III. The DISH Network Activation Incentive Payment Structure

6. In order to promote the sale and activation of DISH Network satellite receiver systems, EchoStar offered various financial incentives to retailers of such systems. For a retailer to be eligible to receive financial incentives from EchoStar, such retailers were required to have executed an agreement with EchoStar termed a "Non-Incentivized Retailer Agreement" (the "EchoStar Retailer Agreement"). Additionally, Echostar's financial incentives applied only to retailers that acquired satellite receiver systems either directly from EchoStar or from authorized distributors of DISH Network products.

7. Among the financial incentives EchoStar offered to retailers were those provided for under DISH Network's "Activation Incentive Payment Structure" (the "AIPS"). Under the AIPS, the activation of a satellite receiver system that had been sold by a retailer with a valid EchoStar Retailer Agreement resulted in the retailer receiving several incentive payments from EchoStar. For each satellite receiver system that was activated, a retailer would receive incentive payments under the AIPS that totaled up to approximately $300.00. The incentive payments a retailer received upon the activation of a satellite receiver system frequently exceeded the amount the retailer had paid to purchase that system from an authorized distributor of EchoStar products.

8. Upon selling a DISH Network satellite receiver system to a consumer, a retailer was able to activate that system on the consumer's behalf. Starting in or about Fall 2001, a retailer could activate a satellite receiver system on behalf of a consumer through a two-step process. First, using a feature on the EchoStar website called "R* Connect," the retailer would electronically provide EchoStar with relevant information regarding the consumer in question. Specifically, using "R* Connect," a retailer would provide EchoStar with information such as the name and telephone number of the purchaser of a particular satellite receiver system, the address at which the purchaser would be utilizing that system, the billing address of the purchaser, and the DISH Network programming package that the purchaser wished to receive. Second, after using "R* Connect," a retailer would place a telephone call to a toll-free number that EchoStar provided. During the course of such a call, the retailer would provide EchoStar with the identification number of the satellite receiver system that had been sold, and with the credit card account number or other information regarding the means by which the consumer would pay DISH Network's monthly programming fees. After such a call to EchoStar's toll-free number, a satellite receiver system would be activated, and the retailer would receive an activation incentive payment under the AIPS.

9. When a retailer received an activation incentive payment under the AIPS, EchoStar provided the incentive payment to the distributor that dealt with the retailer. The distributor then passed the incentive payment on to the retailer in question. EchoStar frequently provided the distributor with the incentive payment within about fourteen days from the date the satellite receiver system was activated. If the activation was for an actual purchaser of a satellite receiver system, and if the satellite receiver system remained active with qualified DISH Network programming for 230 consecutive days after the date of activation, the retailer was permitted to retain the entire incentive payment.

IV. The Scheme to Defraud

10. The defendants ISSA SANU BARRIE and HADIATOU BARRIE agreed to defraud and defrauded EchoStar and ASSD by inducing them, based on materially false and fraudulent pretenses and representations, to issue incentive payments to Seldya for the purported activation of satellite receiver systems, when in fact those satellite receiver systems were neither purchased by consumers nor used to receive DISH Network programming. The defendants then appropriated the incentive payments for their own benefit and use.

11. In connection with this scheme, on or about October 31, 2000, the defendant ISSA SANU BARRIE, using the false name "Alssatou Y. Bah," provided various documents to ASSD in

order to become an authorized retailer of DISH Network satellite receiver systems. The documents ISSA SANU BARRIE submitted to ASSD included the following, among others: a New York State Identification Card bearing the defendant's photograph, a false date of birth and the false name "Alssatou Bah"; an IRS Form W-9 (Request for Taxpayer Identification Number and Certification) in which the defendant used the false name "Alssatou Y. Bah" and provided a social security number other than his own; and a Certificate of Authority of the New York State Department of Taxation and Finance bearing the false name "Alssatou Y. Bah," the corporate name "Seldya Entertainment," and a corporate address in Brooklyn, New York. Based in part on these documents, ASSD authorized Seldya to be a retailer of Dish Network satellite receiver systems.

12. Also in connection with the defendants' scheme to defraud, on or about January 15, 2001, the defendant ISSA SANU BARRIE, using the false name "Alssatou Y. Bah," signed an EchoStar Retailer Agreement on behalf of Seldya, and provided a business address in Brooklyn, New York for Seldya. The EchoStar Retailer Agreement, which was counter-signed by a representative of EchoStar, appointed Seldya as a retailer authorized to promote and solicit orders for DISH Network video and audio programming, and indicated that EchoStar intended to pay incentives in connection with orders for programming solicited by Seldya.

Case 1:06-mj-00115-MPT    Document 1    Filed 10/03/2006    Page 7 of 13
OCT 03 2006 09:46 FR 7182546669         7182546669 TO 913025736451    P.08/14

7

13. On or about September 14, 2002, the defendant ISSA SANU BARRIE completed an ASSD form entitled "Automated Deposits Authorization Agreement Form" (the "Automated Deposits Form"), and by this form, ISSA SANU BARRIE authorized ASSD to make appropriate deposits to a bank account that the defendant HADIATOU BARRIE had established under the name "Hadiatou Jalloh, d/b/a Seidya Entertainment" at a branch of Fleet Bank in Menlo Park, New Jersey (the "Fleet Account"). In part, the purpose of the Automated Deposits Form was to provide ASSD with information regarding the bank account into which activation incentive payments were to be deposited.

14. In or about and between December 2002 and May 2003, the defendants ISSA SANU BARRIE and HADIATOU BARRIE defrauded EchoStar and ASSD by providing Echostar with false and fraudulent information regarding the purported purchase and activation of DISH Network satellite receiver systems that Seldya had acquired from ASSD. Using the "R* Connect" feature on the EchoStar website, for example, the defendants provided EchoStar with information regarding purported purchasers of satellite receiver systems that Seldya had originally obtained from ASSD, including the purported purchasers' names, service addresses, billing addresses and telephone numbers. In fact, much of the information the defendants provided to EchoStar was false and fraudulent, in that the purported purchasers of satellite receiver systems had not actually purchased such systems; the

Case 1:06-mj-00115-MPT    Document 1    Filed 10/03/2006    Page 8 of 13
OCT 03 2006 09:46 FR 7182546669         7182546669 TO 913025736451        P.09/14

8

service addresses of certain of the purported purchasers did not exist; and the billing addresses provided to EchoStar often were not those of the purported purchasers, but instead were addresses of residences the defendants maintained in Brooklyn, New York, and Fords, New Jersey.

15. Additionally, in furtherance of the scheme to defraud, the defendants used EchoStar's toll-free telephone number to activate satellite receiver systems using false and fraudulent information. Specifically, through interstate telephone calls placed to EchoStar's toll-free telephone number, the defendants provided EchoStar with the identification numbers of satellite receiver systems that had not in fact been sold. The defendants also used the EchoStar toll-free telephone number to provide EchoStar with the number of a debit card that was falsely represented to be the means by which purported customers would pay DISH Network's monthly programming fees. In fact, the defendants themselves controlled the debit card account they provided to EchoStar, and the debit card account was linked to the Fleet Account that the defendant HADIATOU BARRIE had established in the name "Hadiatou Jalloh, d/b/a Seidya Entertainment." By utilizing this debit card account when falsely and fraudulently activating DISH Network satellite receiver systems, the defendants ensured that the satellite receiver systems in question would remain active until such time

Case 1:06-mj-00115-MPT   Document 1   Filed 10/03/2006   Page 9 of 13
OCT 03 2006 09:46 FR 7182546669           7182546669 TO 913025736451     P.10/14

9

as the activation incentive payments were received and the scheme was complete.

16. As a result of the above-described scheme, the defendants ISSA SANU BARRIE and HADIATOU BARRIE fraudulently obtained approximately $59,700.00 in activation incentive payments, which payments were deposited into the Fleet Account the defendants controlled.

COUNT ONE
(Conspiracy to Commit Wire Fraud)

17. The allegations contained in paragraphs 1 through 16 are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between December 2002 and May 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISSA SANU BARRIE, also known as "Umaru Sanu Barrie" and "Alssatou Y. Bah," and HADIATOU BARRIE, also known as "Hadiatou Jalloh," did knowingly and intentionally conspire to devise a scheme and artifice to defraud EchoStar and ASSD, and to obtain money and property from EchoStar and ASSD, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to cause writings, signs and signals to be transmitted by means of wire

Case 1:06-mj-00115-MPT   Document 1   Filed 10/03/2006   Page 10 of 13
OCT 03 2006 09:46 FR 7182546669         7182546669 TO 913025736451      P.11/14

10

communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
### (Wire Fraud)

19. The allegations contained in paragraphs 1 through 16 are realleged and incorporated as if fully set forth in this paragraph.

20. In or about and between December 2002 and May 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISSA SANU BARRIE, also known as "Umaru Sanu Barrie" and "Alssatou Y. Bah," and HADIATOU BARRIE, also known as "Hadiatou Jalloh," did knowingly and intentionally devise a scheme and artifice to defraud EchoStar and ASSD, and to obtain money and property from EchoStar and ASSD, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs and signals, to wit: information relating to the activation of satellite receiver systems by purported purchasers of those systems.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

11

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

21. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, a sum of money equal to fifty nine thousand, seven hundred dollars ($59,700.00) in United States currency.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

12

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*Roslynn R. Mauskopf* (signature)
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Case 1:06-mj-00115-MPT Document 1   Filed 10/03/2006   Page 12 of 13

No. _____

JUN. 65

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ISSA SANU BARRIE, also known as "Umaru Sanu Barrie" and "Aissatou Y. Bah," and HADIATOU BARRIE, also known as "Hadiatou Jalloh,"

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 1343, 1349, 981(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

ROBERT M. RADICK, AUSA, (718) 254-6374